**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

No. 1:26-cv-02892

**Ibarra Carrasco,**
*Petitioner,*
v.
**Warden, et al.,**
*Respondents.*

## ORDER

Hener Jose Ibarra Carrasco is a native and citizen of Nicaragua[1] currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release. Because his detention is lawful, his petition is denied.

## BACKGROUND

When Petitioner last entered the United States is disputed. Petitioner asserts he entered the United States on or about February 7, 2024, and February 7, 2026. Pet. at ¶¶ 1, 12. Respondents state Petitioner last entered the United States on or about November 22, 2022. Resp. at 3. Regardless, it is not disputed that on February 13, 2024, federal immigration authorities released Petitioner on recognizance pending removal proceedings. Petitioner was taken into federal immigration custody on September 21, 2026, and is currently detained at the T. Don Hutto Detention Center in Taylor, Texas.

[1] Petitioner's petition claims he is a citizen of Nicaragua and Venezuela. Pet. at ¶¶ 1, 12 (ECF No. 1). Petitioner's work authorization states he is a citizen of Nicaragua. ECF No. 1-3. Respondents state that Petitioner is a citizen of Nicaragua. Resp. at 3 (ECF No. 5).

On October 13, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process. His arguments, however, fail.

Petitioner's lead argument is that his detention without a bond hearing violates both procedural and substantive due process. But the Fifth Circuit has rejected both arguments, holding that "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and that an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, __ F.4th __, 2026 WL 3181188, at *5, 12 (5th Cir. Oct. 23, 2026) (en banc). Petitioner's previous release on recognizance under section 1226(a) "does not alter his legal status as an applicant for admission subject to section 1225(b)." *Cardoso-Reyes v. Mullin*, 841 F. Supp. 3d 98, 102 (W.D. Tex. 2026) (denying the petitioner's habeas petition when he was previously released on conditional parole and re-detained under section 1225(b)(2) and collecting cases). Because Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing, *id.* at *3 (alteration in original) (quoting 8 U.S.C. § 1225(b)(2)(A)), Petitioner's due process claim thus fails, *id* at *7.

Petitioner also appears to argue that because he was previously released on his own recognizance, his release cannot be revoked without due process, and he was not given that process, so he is entitled to release. Not so. *See, e.g., Diakite v. Frink*, No. 4:26-cv-02752, 2026 WL 1999868, *2 (S.D. Tex. May 27, 2026) (denying a habeas petition arguing improper detention following release under § 1226(a)). Conditional parole may be revoked "at any time[.]" 8 U.S.C. § 1226(b). Such grants and revocations of conditional parole are

discretionary, *see* 8 U.S.C. §§ 1226(a)–(b), and the Court has no power to review them, *see id.* § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); *see also Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) ("As we have previously explained, § 1226(e) precludes an alien from challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." (quoting *Demore*, 538 U.S. at 516 (internal quotation marks omitted))). Section 1226(b) contains no notice or hearing requirement. *See* 8 U.S.C. § 1226; *Nikitin v. Garcia*, No. 1:26-cv-01455 SEC P, 2026 WL 2048592, at *2 (W.D. La. July 15, 2026) ("Under § 1226(b), there is no requirement of notice prior to revocation of parole, but rather the Attorney General may revoke parole 'at any time.'" (quoting 8 U.S.C. § 1226(b))). Due process requires no more. *Makhmudov v. Lyons*, No. 1:26-cv-024, 2026 WL 879392, at *1 (S.D. Tex. Mar. 31, 2026) ("no statutory or regulatory provision, and no Constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under Section 1225.").

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 11, 2026.*



ANDREW DAVIS
United States District Judge